UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JULISSA CRESPO, as Parent and Natural                                  :
Guardian of B.T., and JULISSA CRESPO,                                  :
Individually; PAVLO POPOVYCHENKO, as                                   :
Parent and Natural Guardian of V.P., and PAVLO                         :
POPOVYCHENKO, Individually,                                            :
                                                                       :
                              Plaintiffs,                              :          25-CV-07563 (JAV)
                                                                       :
              -v-                                                      :          OPINION AND ORDER
                                                                       :
MELISSA AVILES-RAMOS, in her official                                  :
capacity as Chancellor of the New York City                            :
Department of Education, and the NEW YORK                              :
CITY DEPARTMENT OF EDUCATION,                                          :
                                                                       :
                              Defendants.                              :
-----------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Pavlo Popovychenko, as parent and natural guardian of V.P., and Pavlo

Popovychenko individually ("Plaintiffs"), move for reconsideration of the Court's

Opinion and Order dated December 18, 2025 ("Opinion") granting in part and

denying in part Plaintiffs' motion for summary judgment.  ECF No. 52.  In that

decision, the Court declared that V.P. was entitled to private school tuition and

transportation costs as part of V.P.'s pendency placement pursuant to 20 U.S.C. §

1415(j), but denied pendency funding as to nursing services.  ECF No. 50.  Plaintiff

contends that the Court overlooked evidence in the record demonstrating that

student V.P. was receiving nursing services.  ECF No. 53 at 2-3.  For the reasons set

forth below, Plaintiffs' motion for reconsideration is **DENIED**.

## LEGAL STANDARDS

The standards governing motions for reconsideration under Rule 59(e) and Local Rule 6.3 are identical.  The standard for granting such a motion "is strict, and reconsideration will generally be denied." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).  "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Gerding v. Am. Kennel Club*, No. 21-CV-07958 (ALC), 2025 WL 1212091, at *1 (S.D.N.Y. Apr. 24, 2025).  To seek reconsideration under Rule 59(e), the moving party must "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Superb Motors Inc. v. Deo*, No. 23-CV-6188 (JMW), 2025 WL 1766225, at *1 (E.D.N.Y. June 26, 2025).  A party may also move for reconsideration "when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021).  "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008).

**DISCUSSION**

Plaintiff contends that this Court overlooked that V.P. had submitted evidence, specifically a nursing agreement between Plaintiff Popovychenko and B&H Health Care Services, indicating that V.P. was receiving private nursing services. ECF No. 8-5 at 60-67. Yet the Court did not overlook this evidence. Rather, the existence of this agreement, standing alone, was irrelevant to the pendency inquiry.

The "pendency" or "stay-put" provision of the Individuals with Disabilities Education Act ("IDEA") provides that, "during the pendency of any proceedings," the child is entitled to "remain in [their] then-current educational placement" at public expense. 20 U.S.C. § 1415(j). The "then-current educational placement" is the one either "provided for in the last educational program to which her parents and the [school district] both agreed" or in a final unappealed administrative decision that "adjudicat[ed] the IEP dispute in the parents' favor." *Moonsammy v. Banks*, No. 24-CV-2616 (PAE), 2024 WL 2831042, at *6 (S.D.N.Y. June 3, 2024) (citations omitted).

As Plaintiffs acknowledge, V.P.'s pendency placement for the 2025-26 school year is established by SRO decision 25-055, which determined V.P.'s educational placement for the 2023-24 and 2024-25 school years. ECF 8-5 at 17-42. That decision denied Plaintiffs' request for funding of 1:1 nursing services because the SRO found such services were "beyond the student's needs" and "exceeded the requirements to provide a [free appropriate public education]." *Id.* at 30-34; *see also*

*id.* at 41.  SRO decision 25-055 was not appealed.  ECF No. 35 at 3.  Thus, the last agreed-upon educational placement for V.P. did not include nursing services.  V.P. is therefore not entitled to funding of nursing services as part of a pendency placement.

## CONCLUSION

Plaintiffs' motion for reconsideration is DENIED.  The Clerk of Court is respectfully directed to terminate ECF No. 52.

SO ORDERED.

Dated:  December 22, 2025
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

4